**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STAR K.E., LLC,<br><br>Plaintiff,<br><br>v.<br><br>RSUI INDEMNITY COMPANY, et al.,<br><br>Defendants. | Civil Action No. 2:25-CV-01317<br><br>Judge Cathy Bissoon |

**DEFENDANT RISK PLACEMENT SERVICES, INC.'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Risk Placement Services, Inc. ("RPS"), respectfully submits this Reply Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff's Response contends that discovery is necessary to determine the exact nature of a supposed agency or fiduciary duty allegedly breached by RPS. This contention—particularly in light of the clear allegations in Plaintiff's own pleading—falls flat. There is no dispute that (1) RPS had no communication with Plaintiff and (2) RPS had no relationship or interaction whatsoever with Plaintiff. As such, RPS could be neither an agent nor a fiduciary of Plaintiff and owed Plaintiff no duties as a matter of law. No amount of discovery will change these fundamental legal deficiencies in Plaintiff's claims. Consequently, RPS's Motion to Dismiss should be granted.

## II. ARGUMENT

### A. Plaintiff's Negligence Claim Should be Dismissed

Plaintiff contends that RPS, as its agent, breached a duty to notify of the Alleged Material Change. (Dkt. 30, Resp. at 11.) Conspicuously absent from the Response is any analysis of the

supposed agency relationship between these parties. Indeed, as an implicit concession of the lack of a relationship between Plaintiff and RPS, Plaintiff does not even mention RPS until the fifth page of its Response. Plaintiff disregards the elements required to prove agency and instead claims only that the exact details of RPS's relationship are unknown, necessitating further discovery. The Complaint, however, establishes that no relationship, and no duties, exist between these parties.

An agency relationship requires (i) the manifestation by the principal that the agent shall act for him; (ii) the agent's acceptance of the undertaking; and (iii) the understanding of the parties that the principal is to be in control of the undertaking. *Wisniski v. Brown & Brown Ins. Co. of PA*, 906 A.2d 571, 577 (Pa. Super. 2006). This relationship's "key and distinctive feature" is the "agent's power to affect the legal relationship of the principal with third parties," and must arise from an action as "a matter of consequence or trust." *Id.*

Plaintiff fails to address this rule and argues only that discovery is needed to assess RPS's exact relationship with Plaintiff. (Resp. at 7, 9-10, n.18.) But the Complaint already establishes that, in reality, no agency relationship exists or could exist. According to Plaintiff's own averments, Plaintiff never communicated with nor relied upon RPS for anything. Thus, Plaintiff never authorized RPS to act on its behalf or bind it to RSUI's contract, nor can Plaintiff claim it somehow trusted RPS to serve its interests. Under Pennsylvania law, an agency relationship cannot exist between a broker and an insured where, as here, the broker lacks the power to bind the insured to an insurance contract. *Wisniski*, 906 A.2d at 578.[1] Nevertheless, Plaintiff would have this Court believe that it authorized RPS to act on its behalf or RPS somehow had the power to affect

[1] The Response attempts to weaken *Wisniski's* impact as factually distinguishable. (Resp. at 14 n.27.) While *Wisniski's* underlying facts are different from those in the case at hand, the legal principles remain applicable. Where a broker—retailer or wholesaler—lacks any authority from the insured to bind it to an insurance contract, no agency relationship can exist.

Plaintiff's relationship with third parties. Plaintiff's own allegations prove this could never be true. Plaintiff cannot expect an opportunity to conduct discovery on RPS's alleged "role" after effectively pleading itself out of any viable claim against this Defendant.

Furthermore, Plaintiff's *Spring Lock* analysis conveniently ignores the distinguishing factor addressed in RPS's principal Memorandum. (*See* Dkt. 29 at 12-13.) The *Spring Lock* broker allegedly took action that *might* have implicated a relationship with the insured, necessitating discovery to flush out the claim. However, there is no such allegation here. The Complaint alleges **nothing** that could give rise to even the *possibility* of an agency relationship between these parties. As such, no discovery is necessary. Again, Plaintiff's argument is handcuffed by its own pleading.

As Plaintiff so readily acknowledges, "allegations of an agency relationship and whether a wholesale broker has a duty to notify an insured of a material change in a renewal policy are highly fact dependent." (Resp. at 13-14.) That is to say, the facts of *Spring Lock* differ from those here. The outcome should differ, as well. The Complaint establishes that there could not possibly be an agency relationship between Plaintiff and RPS. RPS therefore could not have breached any duty arising from such a relationship, and Plaintiff's negligence claim fails as a matter of law.

### B. Plaintiff's Breach of Fiduciary Duty Claim Should be Dismissed

The Response's breach of fiduciary duty argument fares no better. Once more, Plaintiff ignores the concessions of its own pleading and contends that discovery is necessary before the Court can conclude that no fiduciary relationship or duty exists. Plaintiff recites the boilerplate language of a fiduciary relationship and claims that discovery is necessary because it may be revealed that RPS somehow benefits from withholding information regarding the Alleged Material Change. (Resp. at 16.) This unfounded assertion is a desperate attempt to avoid Rule 12 dismissal, and the Court should disregard it entirely.

Regardless, Plaintiff's argument fails to rebut well-settled Pennsylvania law that "for the great majority of broker-client interactions, the relationship will not be so extremely one-sided as to be confidential." *Wisniski*, 906 A.2d at 578-79. The rapport between an insured and *retail broker* is instead an arm's-length business relationship. *Id.* at 579. Accordingly, an insured's relationship with a *wholesale broker* can go no further. Plaintiff would have this Court hold otherwise, notwithstanding the facts that (i) Plaintiff never communicated with RPS; (ii) Plaintiff never relied upon RPS; and (iii) Plaintiff never ceded control of decision making to RPS.

Just as it cannot prove a negligence claim, Plaintiff's own factual allegations preclude it from proving a breach of fiduciary duty claim. No additional facts or discovery are necessary for the Court to conclude that a fiduciary relationship did not exist between these parties.

### C. **The Economic Loss Doctrine Bars Plaintiff's Claims**

The economic loss doctrine likewise warrants dismissal of Plaintiff's causes of action. According to Plaintiff, because no privity exists here, RPS's purported duty arose independent of any contract and, as such, the economic loss doctrine is inapplicable. (Resp. at 18.) Plaintiff puts the cart before the horse by presupposing that a duty exists at all. As RPS has already made clear, it owed Plaintiff no duty whatsoever. Plaintiff's hair-splitting of when the economic loss doctrine does and does not apply is, ultimately, irrelevant without the existence of a duty to begin with. *See Sinmier LLC v. Everest Indem. Ins. Co.*, 666 F. Supp. 3d 690, 705 (N.D. Ohio 2023) (Plaintiff "has failed to identify any other independent duty [the wholesale broker] owed to [Plaintiff] on which to base a negligence claim. As such, the economic loss doctrine applies[.]").

Moreover, state and federal Pennsylvania courts have held that the economic loss doctrine can still bar tort claims even where no contractual duty or privity exists. *See, e.g.*, *Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 707, 713 (E.D. Pa. 2009);

*Hartford Fire Ins. Co. v. Associated Const. & Mgmt. Corp.*, No. 98-cv-45, 2000 WL 424273, at *7 (E.D. Pa. Apr. 19, 2000); *Spivack v. Berks Ridge Corp. Inc.*, 586 A.2d 402, 405 (Pa. Super. 1990).

Furthermore, Plaintiff argues that a "professional negligence" claim is immune from the doctrine's coverage. (Resp. at 18-21.) Even if Pennsylvania law exempts professional negligence claims from the economic loss doctrine's parameters, Plaintiff's insurmountable hurdle is that **it did not plead a professional negligence claim here**. In fact, the Response signifies the first time Plaintiff ever represented or alleged that a "professional negligence" claim is at issue.

*Sherman* is distinguishable, as the plaintiff-insured's "professional" negligence claims against its retail broker were for submitting an inaccurate insurance application, procuring insurance without a Pennsylvania license, and executing the plaintiff's signature without authorization. 38 F. Supp. 3d 658, 665 (W.D. Pa. 2014). Here, Plaintiff acknowledges that RPS was only a wholesale broker which had no contact with the insured, thus undermining any notion that Plaintiff relied upon RPS in the context of a professional relationship.

Plaintiff's argument is clearly nothing more than a last-ditch attempt to plead around the economic loss doctrine's applicability. The Court should reject it.

## III. CONCLUSION

Discovery is unnecessary to reach a conclusion that is already apparent on the face of the pleadings. Indeed, the Court has all the information it needs, conveniently set forth in the Complaint, to conclude that RPS is neither an agent nor a fiduciary of Plaintiff. Thus, RPS owed (and breached) no duty to Plaintiff, and Plaintiff's claims fail as a matter of law. Additionally, the economic loss doctrine bars Plaintiff's claims. For each of the foregoing reasons, as well as those set forth in its principal Memorandum, RPS respectfully requests the entry of an Order dismissing Plaintiff's Complaint, with prejudice.

Dated: December 4, 2025

Respectfully submitted,

*/s/ F. Timothy Grieco*
F. Timothy Grieco (Pa. I.D. No. 81104)
Christopher S. Winkler (Pa. I.D. No. 328895)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
T: (412) 566-2070
F: (412) 566-6099
tgrieco@eckertseamans.com
cwinkler@eckertseamans.com

*Counsel for Defendant, Risk Placement Services, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT RISK PLACEMENT SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Court this 4th day of December 2025. Notice of this filing will be sent to counsel of record by operation of the Court's Case Management/Electronic Case Files (CM/ECF) System.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ F. Timothy Grieco*
F. Timothy Grieco, Pa. ID. No. 81104
tgrieco@eckertseamans.com